## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NEW YORK

In Re:

    Nicholas M. Groff

                       Debtor(s)

Case No.: 1–26–10927–BUC
Chapter: 13

SSN:  xxx–xx–6458

## CHAPTER 13 CASE MANAGEMENT ORDER
## – CASES ARISING FROM: CHEMUNG, LIVINGSTON, MONROE, ONTARIO, SCHUYLER, SENECA, STEUBEN, WAYNE, YATES, GENESEE, NIAGARA, ORLEANS, AND WYOMING COUNTIES –

This District has opted to adopt "Official Form 113" – the National Model Chapter 13 Plan – under Rule 9029 FRBP ("Model Plan"). While the Model Plan includes options that allow debtors to affect secured claims through the plan confirmation process, without seeking the requested relief by stand–alone motion, this Court requires that such relief must be sought by a stand–alone motion. *A Chapter 13 Plan that includes attempts to affect secured creditors under § 506 or § 522(f) of the Code, without also serving and filing a stand–alone motion, will not be considered for confirmation.* In addition, a Chapter 13 Plan that is not in keeping with the requirements of this Case Management Order will not be considered for confirmation.

**IT IS ORDERED**, that all proposed Chapter 13 Plans filed on or after December 1, 2017, must be in the identical form of "Official Form 113" – the submission of a non–conforming Plan will not be considered for confirmation and may result in the denial of confirmation.

**IT IS ORDERED**, that, if the Chapter 13 Plan is not filed with the Petition – or filed but not in compliance with this Order – the Debtor must serve a copy of the Chapter 13 Plan, within the time required under Rule 2002(b) FRBP, on all creditors, the Chapter 13 Trustee, and other parties in interest. The Debtor must file proof of service of the Chapter 13 Plan, specifying the date, manner of service, and the names and addresses of all parties upon whom the Plan was served.

**IT IS ORDERED**, that a proposed Chapter 13 Plan must adhere to the following requirements; a non–conforming Chapter 13 Plan will not be considered for confirmation and may result in the denial of confirmation and the reduction of attorney's fees:

1. Model Plan § 3.1 – The Chapter 13 Trustees in this District are not "conduit trustees." Consequently, a proposal to make payment of post–petition mortgage payments by or through the Trustee is not permitted. This section must provide that all post–petition mortgage payments are to be made by the Debtor directly to the mortgagee or its servicer. Such direct payments are considered to be "payments under the Plan".

2. Model Plan § 3.2 – All requests to determine the value of a secured claim **must be brought by stand–alone motion** under 11 U.S.C. § 506. The motion must be made returnable on a date in advance of the hearing on plan confirmation (or returnable at the confirmation hearing if permitted by the Court on request). Motions under § 506 must be filed and served in the manner provided for in Rule 7004 FRBP. A certificate of service must be promptly filed.

3. Model Plan § 3.4 – If a lien is to be avoided, **a stand–alone motion must be brought** under 11 U.S.C. § 522(f). The motion must be made returnable on a date in advance of the hearing on plan confirmation (or returnable at the confirmation hearing if permitted by the Court on request). Motions under § 522(f) must be filed and served in the manner provided for in Rule 7004 FRBP. A certificate of service must be promptly filed. (Lien avoidance under any other provision of the Bankruptcy Code must be sought by adversary proceeding, as required by Rule 7001(b) FRBP.)

**Page 1 of 2**

4.  Model Plan § 4.2 – Use "TBD" if the amounts are presently unknown.

5.  Model Plan § 5.1 – Chapter 13 Plans in cases arising in the above–referenced counties must be "pot plans." This section must reflect that unsecured creditors will be paid *pro rata*.

6.  Model Plan § 7.1 – This section must provide that Property of the Estate will vest in the Debtor *upon plan confirmation*, although such Property will remain under the jurisdiction of the Court.

**IT IS ORDERED**, that the Debtor must serve a copy of any amendment to the Chapter 13 Plan, within the time specified under Rule 2002(b) FRBP, on all affected creditors. The Debtor must file proof of service of the Amended Chapter 13 Plan, specifying the date, manner of service, and the names and addresses of all parties upon whom the Amended Chapter 13 Plan was served.

**IT IS ORDERED**, that, for confirmed Chapter 13 Plans under which the Debtor is required to make payments directly to a mortgagee or its servicer, the Debtor is required to file an Affidavit, after plan payments are complete, certifying that *all such direct payments have been made as required*. Such direct payments, often called "payments outside the plan," are considered by the Court to be "payments under the plan" for purposes of 11 U.S.C. § 1328(a). The failure to file the Affidavit, or the failure to make all required post–petition and post–confirmation direct payments, may result in the closing of the case without entry of a discharge order.

Dated: July 12, 2026

_____/s/_____
**HONORABLE CARL L. BUCKI**
Chief Judge, United States Bankruptcy Court

Form cmo13/Doc 5
www.nywb.uscourts.gov