2026 AUG -6 PM 1: 19

U.S. BANKRUPTCY COURT
W.D.N.Y. ROCHESTER

In re:

NICHOLAS M. GROFF,
Debtor.

VERONIQUE ROUSSEL-GROFF,
Plaintiff,

v.

NICHOLAS M. GROFF,
Defendant.

Bankruptcy Case No.
1-26-10927-TPL

Chapter 13

Adversary Proceeding No.

_____

## COMPLAINT TO DETERMINE DOMESTIC SUPPORT OBLIGATION, PRIORITY, NONDISCHARGEABILITY, AND RELATED DECLARATORY RELIEF

Plaintiff Veronique Roussel-Groff ("Plaintiff"), appearing pro se, brings this adversary proceeding against Defendant Nicholas M. Groff ("Debtor" or "Defendant") and alleges as follows:

## PRELIMINARY STATEMENT

This proceeding presents a narrow federal bankruptcy question: whether the Debtor's court-ordered obligation to pay the parties' minor children's private-school tuition, and Plaintiff's right to reimbursement after she advanced those payments to preserve the children's enrollment, is "in the nature of alimony, maintenance, or support" under 11 U.S.C. § 101(14A), notwithstanding that the New Hampshire and Massachusetts domestic-relations courts characterized the obligation as part of a property settlement for state-law modifiability purposes.

The governing decree did not award Plaintiff an asset or equalizing payment. It required that the children remain at St. Michael's School through eighth grade and assigned Nicholas the continuing responsibility to pay the tuition. The payment was made directly to the school, existed only for the children's education, and ended when the children completed the school's final grade (8th grade).

When Defendant stopped paying, Plaintiff advanced tuition directly to the school so the children would not lose their enrollment and so the educational directive in the decree could be carried out. Plaintiff's reimbursement claim is therefore derivative of the underlying child-related obligation she satisfied.

The present dispute is ongoing and postpetition. The school's 2026-2027 payment schedule runs from July 2026 through April 2027, with $640.00 due on the fifteenth of each month. Defendant missed the July 15, 2026 installment, Plaintiff advanced that payment, and no current-year tuition payment has been made by Defendant. Because one child has approximately three academic years remaining, prompt determination is necessary to prevent serial postpetition defaults and repeated forced advances by Plaintiff.

The Debtor's sworn Schedule E/F lists Plaintiff twice: first for $12,000 as a priority "Domestic support obligation arrears," and separately for an "Unknown" nonpriority property-settlement claim said to include

approximately $25,000 already ordered plus all prospective amounts due under the parties' agreement. The Chapter 13 Plan likewise proposes to discharge unpaid amounts labeled property settlement. A federal determination is therefore necessary.

## JURISDICTION, VENUE, AND CORE STATUS

1. Defendant commenced the underlying Chapter 13 case on July 12, 2026, captioned In re Nicholas M. Groff, Case No. 1-26-10927-BUC.

2. This Court has jurisdiction under 28 U.S.C. §§ 1334 and 157 and the standing order of reference applicable in this District.

3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B), (I), and (O), including determination of the allowance and priority of claims and dischargeability of a particular debt.

4. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

5. Plaintiff consents to entry of final orders and judgment by the Bankruptcy Court.

## PARTIES

6. Plaintiff is Defendant's former spouse and the mother of the parties' two minor children. She resides at 89 Pleasant Street, North Andover, Massachusetts, and is the children's primary caregiver during the school year.

7. Plaintiff is raising the parties' two children in Massachusetts without Defendant residing in the household. Travel to Buffalo, New York for an expedited hearing would require substantial time away from the children, childcare arrangements, transportation and potentially lodging expenses, and lost work or income. Those burdens are particularly significant while Plaintiff is already advancing tuition that Defendant was ordered to pay.

8. Defendant is the Chapter 13 debtor and resides in Niagara Falls, New York.

## FACTUAL ALLEGATIONS

8. The parties' October 24, 2018 New Hampshire Decree of Divorce incorporated their handwritten agreement and Parenting Plan.

9. The incorporated agreement states that "Nicholas shall continue to pay the children's tuition at St. Michael's until graduation of eighth grade."

10. The educational provision fixed the school, the duration, the obligor, and the direct child-related purpose of the payments.

11. The obligation was not payable as an equalization payment to Plaintiff; it was to fund the children's continued education at their existing school.

12. An October 17, 2024 New Hampshire Order held, for state-law purposes, that the tuition provision was part of a property settlement and nonmodifiable, while simultaneously ordering Defendant to continue paying and fixing arrears at $15,294.13 as of August 2024.

13. That same Order found Defendant voluntarily underemployed, imputed gross income of $8,000 per month, and observed that he met other obligations except those relating to supporting his children, paying for their education, and supporting Plaintiff.

14. On May 4, 2026, the Massachusetts Probate and Family Court adjudged Defendant in contempt for failure to pay private-school tuition, found tuition arrears of $25,303.58 through the relevant period, found he had the ability to pay, and imposed a cure schedule including lump-sum and weekly payments.

15. On May 11, 2026, the Massachusetts court dismissed Defendant's attempt to modify the tuition obligation because the state courts had treated it as a nonmodifiable property settlement; the court did not decide the distinct federal bankruptcy characterization under § 101(14A).

16. Defendant ceased or failed to make required tuition payments. To prevent disruption of the children's schooling and preserve their enrollment at the court-selected school, Plaintiff paid amounts Defendant was ordered to pay.

17. Plaintiff's reimbursement claim exists only because she satisfied Defendant's court-ordered educational obligation for the children.

18. Defendant filed Chapter 13 on July 12, 2026. Under the school payment schedule, monthly tuition installments of $640.00 are due on the fifteenth day of each month from July 2026 through April 2027. The first postpetition installment became due July 15, 2026. Defendant did not pay it, and Plaintiff advanced the full $640.00 directly to St. Michael's School to preserve the child's enrollment. Defendant has made no payment toward the 2026-2027 school-year tuition. One child remains enrolled, with approximately three academic years remaining through eighth-grade graduation, so additional postpetition tuition obligations will continue to accrue during this Chapter 13 case.

19. One child remains enrolled at St. Michael's School and has approximately three academic years remaining before completing eighth grade. The tuition obligation therefore continues beyond the petition date and will generate additional installments during the Chapter 13 case.

20. Defendant has made no tuition payment for the current school year. Plaintiff seeks expedited relief because she cannot continue advancing the Debtor's court-ordered educational obligation while the classification dispute remains unresolved.

21. A contempt hearing is scheduled in the Massachusetts Probate and Family Court for October 6, 2026 concerning postpetition child-related support obligations, including the unpaid postpetition tuition installment. The federal characterization and stay issues should be resolved promptly so the parties and state court can proceed consistently with the Bankruptcy Code.

22. Defendant's Schedule E/F lists Plaintiff for $12,000 as a priority domestic support obligation, without itemization, and separately lists an "Unknown" nonpriority claim described as property settlement, approximately $25,000 already ordered plus prospective amounts under the agreement.

23. Defendant's Schedule J lists $0 for children's education costs even though the tuition obligation continued after filing.

24. The Plan's nonstandard provision proposes that property-settlement obligations owed to Plaintiff, including prospective amounts, be paid at the rate of general unsecured debt and discharged to the extent unpaid.

25. Unless the tuition debt is correctly characterized, Plaintiff risks receiving treatment inconsistent with §§ 101(14A), 507(a)(1), 523(a)(5), 1322(a)(2), and 1328(a)(2).

## LEGAL BASIS

26. Section 101(14A) defines a domestic support obligation as a debt accruing before, on, or after the order for relief that is owed to or recoverable by a former spouse, child, or the child's parent; is in the nature of alimony, maintenance, or support without regard to its express designation; arises from a divorce decree, separation agreement, property-settlement agreement, or court order; and has not been assigned except for collection.

27. Federal law controls whether an obligation is in the nature of support. The Second Circuit directs courts to look beyond labels and examine the substance and function of the obligation. See Forsdick v. Turgeon, 812 F.2d 801, 802-03 (2d Cir. 1987); In re Brody, 3 F.3d 35, 38-39 (2d Cir. 1993); Maddigan v. Maddigan (In re Maddigan), 312 F.3d 589, 595-96 (2d Cir. 2002).

28. The fact that the obligation arose in or was labeled under a property-settlement agreement does not exclude DSO status; § 101(14A)(B) expressly applies without regard to whether the debt is expressly designated as support, and § 101(14A)(C) expressly includes obligations established by a property-settlement agreement.

29. Educational expenses may function as support where the obligation directly funds a child's schooling rather than balancing marital property. See, e.g., Boyle v. Donovan, 724 F.2d 681, 683 (8th Cir. 1984) (college-education obligation in property settlement held support based on function); Seixas v. Booth (In re Seixas), 239 B.R. 398, 404-05 (B.A.P. 9th Cir. 1999).

30. Here, the tuition provision served the children's immediate educational needs: it required continuation at a named school through its final grade, assigned payment to Defendant, and resulted in direct payments to the school. Plaintiff's advances preserved the children's enrollment and satisfied the same underlying obligation.

31. Prepetition DSO arrears are entitled to priority under § 507(a)(1), must receive plan treatment required by § 1322(a)(2), and are excepted from discharge by §§ 523(a)(5) and 1328(a)(2). Qualifying postpetition tuition installments remain ongoing obligations and are not transformed into prepetition general unsecured debt.

## COUNT I - DECLARATORY JUDGMENT - DOMESTIC SUPPORT OBLIGATION

Plaintiff repeats paragraphs 1 through 28.

The tuition obligation and reimbursement claim satisfy each element of § 101(14A).

Plaintiff is entitled to judgment declaring that the obligation is a domestic support obligation notwithstanding its state-law property-settlement label.

## COUNT II - PRIORITY STATUS OF PREPETITION ARREARS

Plaintiff repeats paragraphs 1 through 31.

To the extent accrued before July 12, 2026, the tuition arrears and reimbursement claim are entitled to priority under § 507(a)(1).

The Plan must treat the allowed prepetition DSO claim in accordance with § 1322(a)(2).

## COUNT III - NONDISCHARGEABILITY

Plaintiff repeats paragraphs 1 through 34.

The tuition DSO is excepted from discharge under §§ 523(a)(5) and 1328(a)(2).

## COUNT IV - POSTPETITION TUITION INSTALLMENTS

Plaintiff repeats paragraphs 1 through 36.

Tuition installments accruing after July 12, 2026 that satisfy § 101(14A), including the $640.00 installment due July 15, 2026, are postpetition domestic support obligations payable when due.

The unpaid July 15, 2026 installment, the reimbursement obligation arising from Plaintiff's $640.00 advance, and future tuition installments may not be included as prospective general unsecured property-settlement debt subject to discharge.

## COUNT V - DECLARATION REGARDING STATE-COURT PROCEEDINGS

Plaintiff repeats paragraphs 1 through 39.

Plaintiff seeks a declaration concerning the extent to which proceedings to establish, determine, or enforce the postpetition DSO fall within § 362(b)(2).

Alternatively, Plaintiff requests limited relief from stay under § 362(d)(1) to permit the Massachusetts Probate and Family Court to determine amounts due, adjudicate compliance, and order prospective performance, while reserving collection against estate property to the extent required by the Bankruptcy Code.

## PRAYER FOR RELIEF

**A.** Declare that Defendant's obligation to pay the children's private-school tuition and Plaintiff's derivative reimbursement claim are domestic support obligations under § 101(14A);

**B.** Declare that allowed prepetition tuition arrears are entitled to priority under § 507(a)(1);

**C.** Declare that the tuition DSO is nondischargeable under §§ 523(a)(5) and 1328(a)(2);

**D.** Declare that qualifying tuition installments accruing after July 12, 2026 are ongoing postpetition domestic support obligations payable when due;

**E.** Declare that the Plan may not discharge amounts determined to be domestic support obligations;

**F.** Determine the extent to which § 362(b)(2) permits the Massachusetts court to proceed;

**G.** Alternatively, grant limited stay relief for the Massachusetts court to determine and enforce the obligation consistent with federal law;

**H.** Establish an expedited schedule because Defendant has made no tuition payment for the current school year, Plaintiff has already advanced the July 15, 2026 installment, one child remains enrolled with approximately three academic years remaining, additional installments will continue to accrue, and a Massachusetts contempt hearing concerning postpetition child-related obligations is scheduled for October 6, 2026; and

**I.** Grant such other and further relief as the Court deems just and proper.

Dated: ___8/3/26___, 2026

**Respectfully submitted,**

**VERONIQUE ROUSSEL-GROFF**
Plaintiff, Pro Se
89 Pleasant Street
North Andover, MA 01845
Telephone: (603) 425-9692
Email: vgroff36@yahoo.com

**UNITED STATES BANKRUPTCY COURT**

**WESTERN DISTRICT OF NEW YORK**

| In re:<br>NICHOLAS M. GROFF,<br>Debtor. | Case No. 1-26-10927-TPL<br>Chapter 13 |
| --- | --- |

ITEMIZED STATEMENT OF ACCOUNT

Creditor Veronique Roussel-Groff submits this itemized statement as of August 4, 2026. The statement separates obligations that became due before the July 12, 2026 bankruptcy petition from obligations that first became due afterward. All payments, credits, intercepts, and adjustments must be applied once and only once.

## I. CHILD SUPPORT ARREARS

| Period | Classification | Amount Due | Credits | Balance |
| --- | --- | --- | --- | --- |
| April 2026 | Prepetition monthly child support | $1,465.00 | $0.00 | $1,465.00 |
| May 2026 | Prepetition monthly child support | $1,465.00 | $0.00 | $1,465.00 |
| June 2026 | Prepetition monthly child support | $1,465.00 | $0.00 | $1,465.00 |
| **PREPETITION SUBTOTAL** | **Due before July 12, 2026** | **$4,395.00** | **$0.00** | **$4,395.00** |
| July 2026 | Postpetition installment due July 31, 2026; unpaid | $1,465.00 | $0.00 | $1,465.00 |
| **TOTAL CHILD SUPPORT** | **April-July 2026 amounts listed** | **$5,860.00** | **$0.00** | **$5,860.00** |

Allocation: The July 2026 monthly child-support installment is not included in the prepetition claim because it was not due until July 31, 2026. It is shown below as a postpetition obligation.

## II. PRIVATE-SCHOOL TUITION

| Date | Description | Amount Due | Credits | Balance |
| --- | --- | --- | --- | --- |
| 05/04/2026 | Judgment-fixed tuition arrears through the 11/05/2025 hearing | $25,303.58 | $0.00 | $25,303.58 |
| 11/15/2025 | Additional monthly tuition installment | $580.00 | $0.00 | $580.00 |
| 12/15/2025 | Additional monthly tuition installment | $580.00 | $0.00 | $580.00 |
| 01/15/2026 | Additional monthly tuition installment | $580.00 | $0.00 | $580.00 |
| 02/15/2026 | Additional monthly tuition installment | $580.00 | $0.00 | $580.00 |

1

| Date | Description | Amount Due | Credits | Balance |
|---|---|---|---|---|
| 03/15/2026 | Additional monthly tuition installment | $580.00 | $0.00 | $580.00 |
| 04/15/2026 | Additional monthly tuition installment | $580.00 | $0.00 | $580.00 |
| 05/15/2026 | Additional monthly tuition installment | $580.00 | $0.00 | $580.00 |
| **ADDITIONAL TUITION SUBTOTAL** | **7 installments x $580.00** | **$4,060.00** | **$0.00** | **$4,060.00** |
| **PREPETITION TUITION TOTAL** | **$25,303.58 + $4,060.00** | **$29,363.58** | **$0.00** | **$29,363.58** |
| 07/15/2026 | Postpetition 2026-2027 tuition installment; unpaid by Nicholas Groff | $640.00 | $0.00 | $640.00 |
| **TOTAL TUITION LISTED** | **Prepetition $29,363.58 + postpetition $640.00** | **$30,003.58** | **$0.00** | **$30,003.58** |

Postpetition tuition installment: A 2026-2027 school-year tuition installment of $640.00 became due on July 15, 2026, after the July 12, 2026 bankruptcy petition. Nicholas Groff paid $0.00 toward that installment. It is listed separately as a postpetition obligation and is not included in the prepetition proof-of-claim subtotal.

Classification disclosure: The state-court orders describe the tuition obligation as part of a property settlement. The adversary proceeding asserts that the obligation functions as a domestic support obligation under federal bankruptcy law.

## III. UNINSURED MEDICAL, DENTAL, AND OPTICAL EXPENSES

| Date/Period | Description | Amount Due | Credits | Balance |
|---|---|---|---|---|
| 05/04/2026 | Massachusetts contempt judgment - amount ordered payable forthwith | $482.93 | $0.00 | $482.93 |
| 11/2025-05/2026 | Additional uninsured medical expenses; attach bill-by-bill schedule | $140.00 | $0.00 | $140.00 |
| **SUBTOTAL** | Claimed uninsured medical balance | $622.93 | $0.00 | $622.93 |

## IV. ALIMONY ARREARS

Order source: October 17, 2024 New Hampshire Order on Motion to Reconsider and Modification, Case No. 673-2017-DM-00066. The order modified alimony to $1,200.00 per month through November 1, 2023 and fixed the arrearage at $17,000.00. No continuing alimony accrued after November 1, 2023 under that order; the present claim is for the remaining arrearage.

| Date/Period | Description | Amount Due | Credits | Balance |
|---|---|---|---|---|
| 10/17/2024 | Arrearage fixed by New Hampshire final order | $17,000.00 | $0.00 | $17,000.00 |
| After 10/17/2024 | Payments/credits reducing arrearage - list each date and amount | $0.00 | $7,500.00 | $9,500.00 |
| **CURRENT ASSERTED** | Remaining alimony arrears as of petition date | $9,500.00 | $0.00 | $9,500.00 |

## V. PREPETITION AND POSTPETITION TOTALS

| Category | Amount |
|---|---|
| Prepetition child support - April through June 2026 | $4,395.00 |
| Judgment-fixed private-school tuition arrears through November 5, 2025 | $25,303.58 |
| Additional private-school tuition - 11/15/2025 through 05/15/2026 (7 x $580.00) | $4,060.00 |
| **TOTAL PREPETITION PRIVATE-SCHOOL TUITION** | **$29,363.58** |
| Prepetition uninsured medical, dental, and optical expenses | $622.93 |
| Prepetition alimony arrears | $9,500.00 |
| **TOTAL PREPETITION CLAIM** | **$43,881.51** |
| Postpetition child support - July 2026, due July 31 and unpaid | $1,465.00 |
| Postpetition private-school tuition - installment due July 15, 2026 and unpaid | $640.00 |
| **TOTAL POSTPETITION AMOUNTS LISTED** | **$2,105.00** |
| **TOTAL OF PREPETITION AND POSTPETITION AMOUNTS LISTED** | **$45,986.51** |

Dated: _____, 2026

VERONIQUE ROUSSEL-GROFF, Creditor, Pro Se
89 Pleasant Street
North Andover, MA 01845
Telephone: (603) 425-9692
Email: vgroff36@yahoo.com

3

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NEW YORK

In re:

NICHOLAS M. GROFF,
    Debtor.

VERONIQUE ROUSSEL-GROFF,
    Plaintiff,

v.

NICHOLAS M. GROFF,
    Defendant.

Bankruptcy Case No.
1-26-10927-TPL

Chapter 13

Adversary Proceeding No.

_____

## CERTIFICATE OF SERVICE

I certify that on _____8/3_____, 2026, after issuance of the summons by the Clerk, I served true copies of the issued Summons, Complaint, Motion for Expedited Scheduling, supporting Declaration, and related papers in the manner required by Federal Rule of Bankruptcy Procedure 7004 upon:

- **Peter D. Grubea, Esq.**
  Attorney for Debtor
  6225 Sheridan Drive, Suite 203
  Williamsville, NY 14221

- **Nicholas M. Groff, Debtor**
  9138 Shantz Avenue
  Niagara Falls, NY 14304

- **Julie Philippi, Chapter 13 Trustee**
  170 Franklin Street, Suite 600
  Buffalo, NY 14202

- **Office of the United States Trustee**
  Olympic Towers
  300 Pearl Street, Suite 401
  Buffalo, NY 14202

Method(s) of service: _____WMail & Email_____

_____
Veronique Roussel-Groff

FILED
2026 AUG -6 PM 1:18
U.S. BANKRUPTCY COURT
W.D.N.Y. ROCHESTER